IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GREGORY D. SOBIN,<br><br>                                           *Plaintiff*,<br>       v.<br><br>RYAN CHARLES MCHENRY AND JORDAN ELISE MCHENRY,<br><br>                                          *Defendants.* | CASE NO. 3:22-cv-32<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

      Plaintiff Gregory D. Sobin alleges that Defendant Ryan Charles McHenry, son of Plaintiff's estranged sister Nancy K. McHenry, and Defendant Jordan Elise McHenry, Nancy's daughter, have acted in concert to deprive him of his inheritance and personal effects that Plaintiff's now-deceased parents bequeathed to him. Plaintiff lacks subject-matter jurisdiction, and the case thus must be dismissed.

## Analysis

      Taking the evidence in the light most favorable to the Plaintiff, as we must,[1] the Court considers whether Plaintiff has stated a cause of action that meets the threshold requirement in a diversity case of an amount in controversy exceeding $75,000. "Pursuant to 28 U.S.C. § 1332(a), [a federal c]ourt has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states."

---

[1] The Fourth Circuit has directed district courts to construe *pro se* complaints liberally, though "[i]t does not require those courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

*Smith v. Church of Jesus Christ of Latter-Day Saints*, 431 F. Supp. 3d 733, 736 (E.D. Va. 2020) (citing 28 U.S.C. § 1332(a)).

First, Plaintiff alleges that his deceased father left two envelopes containing a total of $84,000, which were in the father's safe at the time of his death. Dkt. 1 ("Compl.") at 6. According to Plaintiff, the envelopes were labeled with Plaintiff's name. *Id.*

Plaintiff alleges that Nancy McHenry qualified as executor of his father's estate, and he was led to believe that the $84,000 was included in the trust. *Id.* at 5; *see also Sobin v. McHenry*, 3:18-cv-00093, 2020 WL 1158249, at *1 (W.D. Va. Mar. 10, 2020). He has since learned that the $84,000 was not included in the estate but was given by Nancy to her son, Defendant Ryan McHenry, who shared it with his sister, Defendant Jordan McHenry. Compl. at 9, 13.

If these facts as alleged are true, the $84,000 is part of Plaintiff's father's estate, not Plaintiff's property. This would mean Plaintiff's claim should be against the fiduciary, Nancy, whom he alleges gave the property to Defendants.

Plaintiff and Nancy were in litigation in this Court in *Sobin v. McHenry*, No. 3:18-cv-00093, 2020 WL 1158249 (W.D. Va. Mar. 10, 2020). That case was settled on January 28, 2021. No. 3:18-cv-00093 Dkts. 96, 97. If Nancy gave away an asset of the estate and deceived him, his claim should be brought against her, not Defendants Henry and Jordan McHenry.

Plaintiff further alleges that personal items that belonged to his father (photos, his birth mother's health records, etc.), were not given to him. Compl. at 17. But the allegations are insufficient to show why Defendants should be liable to him.

Thus, the claim for the $84,000 and the personal items should be removed from the suit, leaving only a claim that Nancy gave Defendant Ryan McHenry four leather jackets that belonged to Plaintiff. *Id.* at 14. No value is attached to the jackets, and there is no way to

2

construe the evidence in Plaintiff's favor to show that that they could be worth more than $75,000. Further, there is no way to construe the evidence so that even with punitive damages an award could be for more than $75,000.

Because the amount in controversy is less than $75,000, the Court lacks diversity jurisdiction and dismisses the case.

## **Conclusion**

It is so ORDERED.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and Order to all parties in the case. Additionally, the Clerk of Court is directed to strike this case from the Court's active docket.

Entered this __9th__ day of January, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE